FILED
2022 Jul-14 PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## SOUTHERN DIVISION

| | |
|---|---|
| **RHONDA FOWLER HULSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: _____ |
| | ) |
| | ) Removed from the Circuit Court of |
| | ) Jefferson County, Alabama |
| | ) (Birmingham Division) |
| | ) Civil Action No.: 01-CV-2022-901765 |
| **DAN SULLIVAN TRUCKING,** | ) |
| **INC, et al** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COMES NOW Defendants **Dan Sullivan Trucking, Inc. and Danny Edward Larimore,** by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, file this Notice of Removal of the foregoing cause from the Circuit Court of Jefferson County, Alabama (Birmingham Division) to the United States District Court for the Northern District of Alabama, Southern Division. As grounds for removal, Defendants show unto the Court the following:

1. Plaintiff Rhonda Fowler Hulsey initiated this civil action on or about June 23, 2022 in the Circuit Court of Jefferson County, Alabama, Birmingham Division, Civil Action No. 01-CV-2022-901765. Pursuant to 28 U.S.C. § 1446(a),

{DOC# 00811063}

copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendant is attached herewith as Exhibit 1.

2. Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and assert federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between Plaintiff and all Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Under 28 U.S.C. § 1441(a), venue is proper because the United States District Court for the Northern District of Alabama, Southern Division, encompasses the geographic area of the Circuit Court of Jefferson County.

4. Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined in this action. Defendants assert, upon information and belief, that Plaintiff is a resident and domiciled citizen of the State of Alabama.[1] (Ex. 1, Doc. 2 at ¶ 1) (stating Plaintiff is a resident of Mount Olive, Alabama). *See also*

---

[1] In addition to the allegation of residency in the Complaint, the accident report (which is a public record) reflects that Hulsey had an Alabama residence, an Alabama driver's license, and an Alabama license tag. These facts support a finding that she is an Alabama citizen. *See Mendoza v. Thibaudeau*, No. 2:16-cv-466-FtM-38CM, 2016 U.S. Dist. LEXIS 143727, at *5-6 (M.D. Fla. Oct. 18, 2016).

{DOC# 00811063}                                          2

*Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210, 1215 n. 9 (S.D. Ala. 2006) (finding a party's place of residence to be *prima facie* evidence of domicile).

5. Defendant Danny Edward Larimore is a resident and citizen of Kentucky. (Ex. 1, Doc. 2 at ¶ 3). *See also Slate*, 444 F. Supp. 2d at 1215 n.9.

6. Defendant Dan Sullivan Trucking, Inc. is a Kentucky corporation with its principal place of business in Munfordville, Kentucky. (Exhibit 2).

7. The citizenship of fictitious Defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. 28 U.S.C. § 1441(b)(1). Accordingly, complete diversity exists because Plaintiff is an Alabama citizen, Defendant Larimore is a Kentucky citizen, and Defendant Dan Sullivan Trucking, Inc. is a citizen of Kentucky.

8. Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff does not specify in the Complaint the total amount of damages she seeks. Accordingly, this Notice of Removal may assert the amount in controversy. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). The Eleventh Circuit precedent provides that, when a plaintiff makes an unspecified damages demand in state court, "a removing

defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

9. If a defendant alleges that removability is facially apparent from the complaint, "the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe*, 613 F.3d at 1061. The district court is not bound by the plaintiff's representations, nor does it have to assume the plaintiff is best able to evaluate the amount of damages sought. *Id.* (*citing Pretka*, 608 F.3d at 771). The Eleventh Circuit further stated in *Roe* that:

> **Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount." Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added). The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages. *Id.* at 1064.

10. Recently, the Eleventh Circuit determined that a plaintiff's allegations of unspecified personal injuries and disabilities, pain and suffering, mental anguish, emotional anguish, and unspecified medical expenses were sufficient to plead damages that exceeded $75,000 for purposes of diversity jurisdiction. *McIntosh v. Royal Caribbean Cruises, Ltd.*, 5 F.3d 1309, 1312-13 (11th Cir. 2021). There, the named plaintiff sought to file a class action based upon federal diversity jurisdiction premised upon physical and emotional injuries suffered when passengers travelled to an area impacted by a hurricane because a cruise line refused to allow cancellation of the cruise within 14 days of the voyage. *Id.* at 1311. After addressing a procedural issue, the Eleventh Circuit explained that the bare-bones damages allegations were sufficient to plead the amount in controversy for diversity jurisdiction.

> The plaintiffs alleged that, as a result of Royal Caribbean's delay in canceling the cruise and offering refunds, they had to travel to Galveston and nearby areas in Texas that were in a state of emergency due to Hurricane Harvey. They had to spend days in those locations trapped by a "devastating storm," often without power, and with limited food and water. And, as a result, they were "injured about their body and extremities," sustaining physical pain and suffering; mental and emotional anguish; temporary, permanent, and/or physical disability;

> impairment; and disfigurement. They also incurred medical expenses for the care and treatment of their injuries.
>
> These alleged injuries and expenses—accepted as true—are sufficient to plead damages that exceed the $75,000 amount-in-controversy requirement. *See, e.g.*, *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017) (claimed injuries and damages caused by the explosion of a shower glass door in a hotel room exceeded the $75,000 amount-in-controversy requirement, even though the plaintiff recovered only $12,000, because at the time of filing, she brought claims in good faith for compensatory and punitive damages exceeding $150,000). And if there were any doubt, it is erased by the plaintiffs' individual requests for punitive damages. *See, e.g.*, *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered.").

*Id.* at 1212-13.

11.   Another case decided in the Northern District of Alabama explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012). In *Smith*, the Court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* Court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their

exercise of good sense and experience that the claim exceeds $75,000." 868 F. Supp. 2d at 1335. Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added).

12. *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317 (N.D. Ala. Aug. 31, 2015), also helps explain why the requisite amount in controversy is met in this matter. In *Bush*, the Court observed that prior to *Roe*, a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy. *Id.* at 1318. The *Bush* Court stated the Eleventh Circuit in *Roe*:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.

*Id.*

13. As a final example, Defendants point this Court to *Seckel v. Travelers Home & Marine Ins. Co.*, No. 4:12-cv-4163-KOB, 2013 U.S. Dist. LEXIS 11582

(N.D. Ala. Jan. 29, 2013). In *Seckel*, the Court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5. The Court concluded that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Id.*

14. Here, Plaintiff does not make a specific demand for damages in her Complaint. Plaintiff further fails to disclaim the right to, or acceptance of, damages exceeding $75,000.00. **Nevertheless, it is facially apparent from the Complaint that the amount in controversy more likely than not exceeds $75,000.**

15. This action arises out an alleged motor vehicle accident on June 24, 2020 in Jefferson County, Alabama. (Ex. 1, Doc. 2 at ¶ 3). Plaintiff alleges the accident occurred on Interstate 65 North between 124B and 262A in Jefferson County, Alabama. (*Id.* at ¶11) Plaintiff alleges Defendant Larimore failed to maintain his lane of travel, failed to keep a proper lookout, failed to maintain proper attention while he was driving and failed to maintain awareness of the surrounding traffic. (*Id.* at ¶11-13) Plaintiff alleges Defendant Larimore drove and/or allowed his

tractor-trailer to enter the Plaintiff's lane of travel and crash into the Plaintiff's vehicle. (*Id.* at ¶11-13).

16. Plaintiff sets forth several claims of negligence and wantonness against Defendant Larimore. (*Id.* at ¶¶ 11-25). Plaintiff contends Defendant Larimore acted within the line and scope of his employment with Defendant Dan Sullivan Trucking, and, thus, Defendant Dan Sullivan Trucking is vicariously liable for Defendant Larimore's conduct. (*Id.* at ¶¶ 12). Moreover, Plaintiff contends Defendant Dan Sullivan Trucking negligently/wantonly hired, retained, trained, and supervised Defendant Larimore and negligently/wantonly entrusted him with a tractor-trailer. (*Id.* at ¶¶ 12).

17. Plaintiff claims the collision resulted in her suffering injuries including lost wages, medical expenses, medical procedures, and physical pain and mental anguish. (*Id.* at ¶12)

18. As in *McIntosh* and *Bush*, Plaintiff claims she sustained substantial personal injuries as a result of the alleged negligent and wanton behavior. *See McIntosh*, 5 F.4th at 1313; *Bush*, 132 F. Supp. 3d at 1318. Moreover, like the plaintiffs in *McIntosh* and *Bush*, Plaintiff seeks to recover compensatory damages for physical pain and suffering and mental anguish. *See McIntosh*, 5 F.4th at 1313 (discussing allegations of physician pain and suffering, mental anguish, and emotional anguish); *Bush*, 132 F. Supp. 3d at 1318 (noting the plaintiff's demand

for damages to compensate for pain, suffering, and mental anguish). Finally, like the plaintiffs in *McIntosh* and *Bush*, Plaintiff's demand for punitive damages for alleged acts of wantonness erase any doubt that she seeks damages in excess of $75,000. *McIntosh*, 5 F.4th at 1313 ("And if there were any doubt, it is erased by the plaintiffs' individual requests for punitive damages."). Therefore, Plaintiff "is realistically hoping to recover more than $75,000," and the amount-in-controversy requirement is satisfied in this case. *Bush*, 132 F. Supp. 3d at 1318. *See also Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2015) (holding that a notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

19.     Defendants do not admit or contend they are liable to Plaintiff, and they do not admit or contend Plaintiff's damages necessarily exceed $75,000, exclusive of interest and costs. Instead, the Defendants reasonably believe, based upon the legal theories asserted in the Complaint and the applicable Alabama law governing damages under those theories, Plaintiff will seek and ask a jury to return a verdict in an amount, sum, or value in excess of $75,000, exclusive of interest and costs. *See S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (explaining that the amount-in-controversy determination "is less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of

how much will be put at issue during the litigation") (quoting *Pretka*, 608 F.3d at 751).

20. If Plaintiff disputes the amount in controversy exceeds the jurisdictional requisite, Defendants request leave to conduct discovery to determine the extent of Plaintiff's claim to damages. Alternatively, Defendants request this Court require Plaintiff to "formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state Plaintiff will never accept more." *See Smith*, 868 F. Supp. 2d at 1335.

21. This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the time allowed by law for the removal of actions to the United States District Courts. Defendants purportedly received personal service of the Summons and Complaint on or about June 21, 2022. This Notice of Removal is timely because it is filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

22. All Defendants who are properly joined and served consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A). By and through the undersigned

counsel, Defendant Danny Edward Larimore consents to the removal of this case to federal court. (*See generally* Exhibit 1).

23. Without waiver of any defenses or objections, including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant submits this Notice of Removal.

24. Pursuant to 28 U.S.C. § 1446(d), Defendants show a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama. Further, Defendant represents to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

                              Respectfully submitted,

                              *s/ Richard D. Whitaker*
                              Thomas L. Oliver, II (ASB-3153-r53t)
                              Richard D. Whitaker (ASB-6608-a53w)
                              Attorneys for Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile: (205) 822-2057
E-mail: toliver@carrallison.com
            rwhitaker@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a true and correct copy of the foregoing upon the following counsel of record via PACER, on this the <u>14th</u> day of <u>July</u>, 2022:

J. Callen Sparrow
HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL 35203

                                                   *s/ Richard D. Whitaker*
                                                   OF COUNSEL