FILED

2022 Jul-14  PM 03:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT 1

ELECTRONICALLY FILED
6/16/2022 11:58 PM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>01-CV-2022-901765.00<br><br>Date of Filing:   Judge Code:<br>06/16/2022 |
|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RHONDA FOWLER HULSEY v. DAN SULLIVAN TRUCKING, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ QTLB - Quiet Title Land Bank
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER
R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
SPA006

6/16/2022 11:58:46 PM
Date

/s/ J. CALLEN SPARROW
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 2

ELECTRONICALLY FILED
6/16/2022 11:58 PM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# C O M P L A I N T - C I V I L

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

### CIVIL ACTION NO. _____

RHONDA FOWLER HULSEY,

                                                    Plaintiff,

vs.

DAN SULLIVAN TRUCKING, INC.; DANNY EDWARD LARIMORE;

        There may be other entities whose true names and identities are unknown to the plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiff when their names and identities are accurately ascertained by further discovery.  Until that time, the plaintiff will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.  The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbols applies to more than one entity.  In the present action, the party defendants which the plaintiff must include by descriptive characterization are as follows:

Defendant A and B, the owner or operator of the vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit; Defendant C, the employer of the operator of the vehicle which caused the collision or collided with the vehicle in which the plaintiff was riding on the occasion made the basis of this suit. Defendant D, the person, firm, or corporation for whose benefit the trip was being made by previously named defendants on the occasion made the basis of this suit; Defendants E, F, and G, the person, firm, or corporation, respectively, responsible for the inspection, maintenance, and repair of any vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit; Defendant H, the person, firm, or corporation who was in control and direction of the trip being conducted by defendants at the time of the wreck made the basis of this suit; Defendant I, the person, firm, or corporation responsible for the incident made the basis of this suit, all of whose true names are otherwise unknown to plaintiff at this time but will be added by amendment when ascertained,

                                                    Defendants.

## COMPLAINT

1.      Plaintiff, RHONDA FOWLER HULSEY, is over the age of nineteen (19) years and is a resident citizen Mount Olive, Alabama.

2.      Defendant, DAN SULLIVAN TRUCKING, INC., is a company located in Munfordville, Kentucky operating commercial vehicles in Jefferson County, Alabama.

3.      Defendant, DANNY EDWARD LARIMORE, is over the age of nineteen (19) years and is a resident citizen of Munfordville, Kentucky.

4.      Defendant A and B, the owner or operator of the vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit.

5.      Defendant C, the employer of the operator of the vehicle which caused the collision or collided with the vehicle in which the plaintiff was riding on the occasion made the basis of this suit.

6.      Defendant D, the person, firm, or corporation for whose benefit the trip was being made by previously named defendants on the occasion made the basis of this suit.

7.      Defendants E, F, and G, the person, firm, or corporation, responsible for the inspection, maintenance, and repair of any vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit.

8.       Defendant H, the person, firm, or corporation who was in control and direction of the trip being conducted by defendants at the time of the wreck made the basis of this suit.

2

9.      Defendant I, the person, firm, or corporation responsible for the incident made the basis of this suit, all of whose true names are otherwise unknown to plaintiff at this time but will be added by amendment when ascertained.

10.      Fictitious Defendants "A through I," whether singular or plural, individual or corporation, who are either Alabama corporations, foreign corporations or other entities that participated in the conduct that led to plaintiff's injuries.

11.      On June 24, 2020, defendant Danny Edward Larimore was operating his tractor-trailer on behalf of Dan Sullivan Trucking, Inc. travelling on I-65 North between 124B and 262A in Jefferson County, Alabama; and at said time and place, defendants DAN SULLIVAN TRUCKING, INC.; DANNY EDWARD LARIMORE and fictitious defendants A-I, negligently and/or wantonly operated a vehicle under their care and control and negligently caused a collision with or allowed said vehicle to collide down the left side of plaintiff's vehicle. Plaintiff avers defendant Larimore was driving and operating his tractor trailer in a negligent and/or wanton manner under the known conditions of the roadway and traffic conditions.  Under conditions of the roadway and circumstances surrounding this particular incident, defendant Larimore failed to avoid colliding with the vehicle which plaintiff, Rhonda Fowler Hulsey, was operating. Plaintiff further alleges that defendant Larimore was negligent and/or wanton in operating his vehicle in that he allowed the tractor trailer in which was driving to collide with left side of plaintiff's vehicle.

12.      Plaintiff avers that defendant, Dan Sullivan Trucking, Inc., is liable for the negligent, wanton and/or illegal conduct of their agent, Danny Edward Larimore, under the theory of respondeat superior.  Plaintiff further avers that defendant, Dan Sullivan Trucking, Inc.,

3

is liable as a result of its negligent hiring, negligent training, negligent retention, negligent supervision, and negligent entrustment of its truck to its agent, defendant Larimore. Furthermore, Plaintiff avers defendants, named and fictitious, negligently, wantonly and/or recklessly caused or contributed to cause the collision injuring plaintiff.

12.     The force of the impact between plaintiff and defendants' vehicles caused injuries and harm to plaintiff. These injuries include lost wages, medical expenses, medical procedures, and physical pain and mental anguish.

13.     Defendant Larimore's negligent and/or wanton conduct includes, but is not limited to, one or more of the following: negligently and/or wantonly failing to maintain his vehicle under proper control; negligently and/or wantonly failing to keep a proper lookout; negligently and/or wantonly failing to avoid colliding with the plaintiff's vehicle; and any other acts of negligence that may be proven at trial.

14.     Defendant Larimore failed to operate his tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

15.     At all times mentioned herein, plaintiff acted with reasonable care under the conditions and circumstances then existing.

16.     Defendants' actions constituted negligence, wantonness, and recklessness in operating their tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

17.     Defendants' actions constitute negligence, wantonness, and recklessness by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional distress to plaintiff.

18.     Defendants, known and fictitious, were negligent and/or wanton for all other acts of negligence as may be shown at trial.

19.     Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and/or wantonness of the defendants.

20.     But for the negligence and/or wantonness of defendants, plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as may be proven at the trial of this matter.

21.     As a result of defendants' negligence, plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

22.     As a result of defendants' negligence, plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

23.     That each of the forgoing acts and omissions constitute an independent act of negligence and/or wantonness on the part of defendants, known and fictitious, and one or more or all of the above stated acts were the proximate causes of the injuries to plaintiff.  The defendants are liable for plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Alabama.

24.     The defendants, known and fictitious, acted with willful misconduct, malice, oppression, wantonness, and an entire want of care raising the presumption of a conscience

indifference to the consequences.  Accordingly, plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the defendants, in accordance with the enlightened conscience of an impartial jury.

25.     Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Alabama law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against these defendants, jointly and severally, for that amount of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

 s/ J. CALLEN SPARROW
J. Callen Sparrow (SPA006)

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:     (205)326-3336
Facsimile:     (205)326-3332
E-mail:        jcsparrow@hgdlawfirm.com

## JURY DEMAND

Plaintiff demands trial by struck jury on all issues raised herein.

s/ J. CALLEN SPARROW
J. Callen Sparrow

**Serve Defendants: (To be Served Via Certified Mail)**

Dan Sullivan Trucking, Inc.
c/o Dan Sullivan
511 North Dixie Highway
Cave City, KY  42127

Danny Edward Larimore
1990 Raider Hollow Road
Munfordville, KY  42765

**NOTE TO CLERK:**

Please serve Plaintiff's First Requests for Production to Defendant Dan Sullivan Trucking, Inc., and Plaintiff's First Set of Interrogatories to Defendant Dan Sullivan Trucking, Inc. along with the Summons and Complaint.

Please serve Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Danny Edward Larimore along with the Summons and Complaint.

ELECTRONICALLY FILED
6/16/2022 11:58 PM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RHONDA FOWLER HULSEY, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:**_____ |
| | ) |
| DAN SULLIVAN TRUCKING, INC.; | ) |
| RHONDA FOWLER HULSEY, | ) |
| | ) |
| **Defendants.** | ) |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT
### DAN SULLIVAN TRUCKING, INC.

COMES NOW the plaintiff, by and through counsel, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, and propounds the following requests for production to defendant, **DAN SULLIVAN TRUCKING, INC.,** as follows:

1.     A copy of the declaration sheet for any insurance policy that provides coverage for this incident, including excess and umbrella policies.

**RESPONSE:**

2.     Please produce the complete personnel file on Danny Edward Larimore.

**RESPONSE:**

4.     Please produce written responses from Mr. Larimore's prior employer and/or state agencies contacted during the three years preceding the application for employment.

**RESPONSE:**

5.     Any and all directions or route instructions given to Mr. Larimore on June 24, 2020 and immediately prior to the incident on June 24, 2020.

**RESPONSE:**

6.     Any and all performance evaluations on Danny Edward Larimore.

**RESPONSE:**

7.      Any rules, standards, instructions, and regulations, by whatever name or description, provided by this defendant to Mr. Larimore from the date of hire to the present.

**RESPONSE:**

8.      Any company policy and procedure manual, by whatever name or description, provided by this defendant to Mr. Larimore from the date of hire to the present.

**RESPONSE:**

9.      All prior motor vehicle accident or incident reports involving Mr. Larimore from the date of hire to the present.

**RESPONSE:**

10.      All safety literature, safety programs, safety manuals, newsletters, emails, videos or other written documents or electronic material pertaining to safety provided by this defendant to Mr. Larimore from the date of hire to the present.

**RESPONSE:**

11.      Any recommendations and all safety material or instructions furnished to this defendant by any of its liability insurance carriers, including any and all safety programs.

**RESPONSE:**

12.      All materials related to this defendant's procedures for handling complaints from employees who experience mechanical problems with company motor vehicles.

**RESPONSE:**

13.      Any and all incident reports, by whatever name or description, or title, relating to the collision.

**RESPONSE:**

14.     Any and all photographs in this defendant's possession of the scene of the collision or of the vehicles involved in the collision.

**RESPONSE:**

15.     Any and all videotapes in this defendant's possession, or any representative acting on behalf of this defendant, of the collision scene, subject vehicles, roadway or the construction site on the date of this incident.

**RESPONSE:**

16.     A copy of all reports or other documents pertaining to this collision which were filed with any governmental agencies.

**RESPONSE:**

17.     A copy of any and all records, sales invoices, contracts or other documents relating to the purchase and/or sale of the subject vehicle.

**RESPONSE:**

18.     All maintenance invoices and maintenance records for the subject vehicle which were performed for one year prior to this incident.

**RESPONSE:**

19.     All repair invoices for the subject vehicle which were performed for one year prior to this incident.

**RESPONSE:**

20.     Dispatch records, invoices or recordings from the radio and/or cellphone used by Mr. Larimore on the date of the incident and for the 90 days preceding the subject collision.

**RESPONSE:**

21.     Any sketches or drawings made by Mr. Larimore, or any representative of this defendant, at the scene, describing the position of vehicles, width of the highway and/or length of any skidmarks.

**RESPONSE:**

22.     Any letters of reprimand, including warnings, suspensions, or other disciplinary action taken against Mr. Larimore as a result of this incident.

**RESPONSE:**

23.     Any memoranda, notes, letters, mentioning letters of reprimand, verbal or written warnings, or disciplinary action which this defendant considered, discussed, or took against Mr. Larimore as a result of this incident.

**RESPONSE:**

24.     Any and all "Driver's Report of Accident" or similar document prepared by Mr. Larimore or this defendant on this incident.

**RESPONSE:**

25.     A copy of all inspection reports for the subject vehicle, including 30 day and pre-trip inspection reports.

**RESPONSE:**

26.     Any materials or notes this defendant, or any representative on behalf of this defendant, provided to Mr. Larimore before, during or after any training meetings and/or safety meetings from the date of Mr. Larimore hire to the date of the incident.

**RESPONSE:**

27.     Any and all documents generated, received, or completed during the accident investigation of this incident performed by this defendant, or any person, entity, or corporation acting on behalf of this defendant.

**RESPONSE:**

28.     Any and all official reports, including any conducted by any government agency, pertaining to this incident.

**RESPONSE:**

29.     Any and all statements by this defendant or Mr. Larimore made to any governmental agency, or other agency, investigating this incident.

**RESPONSE:**

30.     Notes, records, reports, documents, prepared by this defendant's Responsible Safety Officer, supervisor on the project, or any other management personnel, pertaining to Mr. Larimore and/or this incident.

**RESPONSE:**

31.     Any and all log books and other materials maintained by this defendant and/or Mr. Larimore as required to keep pertaining to daily activities.

**RESPONSE:**

32.     A copy of any and all cell phone records for any company phone or radio for Mr. Larimore for June 22, 2020 to June 24, 2020.

**RESPONSE:**

33.     Any and all company procedures or policies describing the screening process for hiring drivers.

**RESPONSE:**

34.     Any and all company procedures or policies describing cell phone or radio usage while operating company vehicles.

**RESPONSE:**

35.     Any and all results of any tests given by this defendant or on its behalf to Danny Edward Larimore at any time before or after this incident, including preemployment and post-accident.

**RESPONSE:**

36.     An electronic and paper copy of all automatic onboard recording devices located on or in the vehicle, including but not limited to GPS devices, Qualcomm's and Omnitracks, for the day of the incident and for the ninety (90) days preceding the subject incident.

**RESPONSE:**

37.     A copy of defendant Larimore's fuel purchase, slips or receipts for the ninety (90) days preceding the subject incident.

**RESPONSE:**

38.     A copy of the current resume and/or curriculum vitae of each expert witness consulted by you.

**RESPONSE:**

                                   s/ J. CALLEN SPARROW
                                   J. Callen Sparrow (SPA006)


OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:     (205)326-3336
Facsimile:     (205)326-3332
E-mail:        jcsparrow@hgdlawfirm.com

ELECTRONICALLY FILED
6/16/2022 11:58 PM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| RHONDA FOWLER HULSEY, | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) **CIVIL ACTION NO.:**＿＿＿＿＿＿＿＿＿＿ |
| | ) |
| DAN SULLIVAN TRUCKING, INC.; | ) |
| RHONDA FOWLER HULSEY, | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT
## DAN SULLIVAN TRUCKING, INC.

COMES NOW the plaintiff, by and through counsel, pursuant to the ALABAMA RULES

OF CIVIL PROCEDURE, and propounds the following interrogatories to defendant, **DAN SULLIVN**

**TRUCKING, INC.**, as follows:

1.      With respect to the tractor operated by defendant Danny Edward Larimore at the

time of the Subject Incident, identify the registered owner, mileage, and gross weight at the time

of the Subject Incident; state the manufacturer, identification number, model number, and year of

the ENGINE in the tractor; and identify all maintenance and repairs performed for the time period

from 12 months before the Subject Incident to present.

**ANSWER:**


2.      With respect to the trailer operated by defendant Danny Edward Larimore at the

time of the Subject Incident, identify the registered owner, mileage, and gross weight at the time

of the Subject Incident; state the manufacturer, make, model number, and year of manufacture of

the trailer; and identify all maintenance and repairs performed for the time period from 12 months before the Subject Incident to present.

**ANSWER:**


3.      Please state the correct legal name of this defendant.


**ANSWER:**


4.      Please state the name and address of the person preparing the answers to these interrogatories and identify any person aiding in their preparation.

**ANSWER:**


5.      Please state the amount of coverage under each and every liability insurance policy that covers you and/or the equipment involved in this incident. For each carrier, please state the following:

   a.   The policy limits of each such policy.
   b.   The name of the insured of each such policy.


6.      Please state the names and addresses of all persons with whom this defendant has consulted as an expert witness including liability or damages experts.


**ANSWER:**


7.      In regard to expert witnesses consulted by this defendant, please state the subject matter upon which each such expert was consulted and if it is expected that each such expert witness will testify in support of the allegations made in your answer in defense to plaintiff's claims.  Please state the subject matter upon which each expert is expected to testify.


**ANSWER:**

8.      Has this defendant been sued for negligence and/or wantonness involving a motor vehicle collision and/or pertaining to a personal injury? If so, please state the following:

     c.   When each such suit was filed;
     d.   Who made such claim or filed such suit giving the address of the person who made such claim;
     e.   What was the nature of the claim(s);
     f.   What injuries or damages were claimed in each such suit or claim; and,
     g.   What was the result of such claim or suit?

**ANSWER:**

9.      Is this defendant registered with any federal motor carrier agency? If so, please list each such agency.

**ANSWER:**

10.      Is this defendant exempt in any manner from the FMCSR?

**ANSWER:**

11.      Was Danny Edward Larimore an employee of this defendant at the time of the collision on June 24, 2020?   If so, list the date he was hired and give the name of each supervisor during his employment.

**ANSWER:**

12.      Was Mr. Larimore acting as an agent of this defendant within the line and scope of his employment at the time of the collision made the basis of this lawsuit?

**ANSWER:**


13.     State the name and address of the owner the vehicle driven by Mr. Larimore at the time of the collision on June 24, 2020.

**ANSWER:**


14.     Describe in detail when and how you first became aware that Mr. Larimore was involved in the Subject Incident.  Please include the identification of all persons involved and what information was conveyed.

**ANSWER:**


15.     List each traffic violation and/or company violation and the date of such violations that Mr. Larimore has received while employed with this defendant.

**ANSWER:**


16.     List the date and location of each motor vehicle collision in which Mr.  Larimore has been involved in while operating a motor vehicle in his employment or capacity as an agent with this defendant.

**ANSWER:**


17.     Did this defendant provide Mr. Larimore with any safety literature, safety programs, safety manuals, safety memoranda, safety videos or other written or electronic material pertaining to the operation of motor vehicles in his employment with this defendant? If so, please list the type of information provided.

**ANSWER:**


18.     Please describe in detail the driver screening process in place at the time Mr. Larimore was hired as a driver for this defendant and produce any documents or manuals that set forth this process. Include any and all preemployment background checks.

**ANSWER:**

19.     Did a representative of this defendant go to the scene of the collision? If so, please state the name, address, and title of such representative.

**ANSWER:**

20.     Do you contend that any third party's acts or omissions contributed to cause this incident? If so, list each such person or entity.

**ANSWER:**

21.     Does this defendant have any written policies regarding cell phone use while driving? If so, please provide a copy of said policy.

**ANSWER:**

22.     Please state the name and address of any persons who have information or witnessed the subject accident.

**ANSWER:**

23.     If this defendant has knowledge that any of the occupants of the vehicles involved in the collision made the basis of this lawsuit were intoxicated or drinking intoxicating beverages at the time of said collision or within (4) hours prior thereto, give the full name and present address of each person who was drinking or intoxicated and state what each person was drinking, where same had been obtained, the quantity or amount consumed and the time and place consumed. Also, state whether or not Mr. Larimore has had any prior convictions or arrests for driving while intoxicated. If so, please give the place and date of each such arrest, trial date, and sentencing.

**ANSWER:**

24.     If anyone on behalf of this defendant has given a written or recorded statement to any individual concerning the incident made the basis of this suit, state the name and address of the individual who made the statement, to whom said statement was given and when and the name and address of the person who has possession, custody and control of said document.

**ANSWER:**

        25.     If you have knowledge that anyone acting on your behalf or any other person or entity took photographs of the vehicles, people or scene of the accident made the basis of this suit, state by whom and when said photographs were taken, describe any and all photographs, the name and address of the person or entity that has possession and custody of each photograph.

**ANSWER:**

        26.     State the name and address of each and every person who may have witnessed or have any knowledge of the facts pertaining to the incident made the basis of this lawsuit.

**ANSWER:**

        27.     Describe any and all details and instructions regarding the purpose of the trip being made by Mr. Larimore on behalf of this Defendant on June 24, 2020, including but not limited to, the name, address and job title of the person or persons giving such instructions, the origin, stops and final destination.

**ANSWER:**

        28.     Does this defendant require any type of pre-trip inspection? If so, please describe fully the procedures and protocol for said inspection.

**ANSWER:**

        29.     Does this defendant participate in any type of safety program with its liability insurance carrier? If so, please explain.

**ANSWER:**

        30.     Identify and describe any and all safety inspections performed by you on the vehicle driven by Danny Edward Larimore in this accident.

**ANSWER:**

31.     Identify and describe any and all actions taken by this defendant to ensure Danny Edward Larimore's compliance with all safety policies and procedures mandated by this defendant.

**ANSWER:**

32.     Does this defendant maintain any type of complaint system or procedure for receiving and handling complaints against this defendant's drivers?  If so, please explain.

**ANSWER:**

33.     Was a Qualcomm device, engine control module, or other computerized device installed and operable on the subject truck at the time of the collision? If so, state the type of device, its current location, and whether it has been downloaded.

**ANSWER:**

34.     Please state and describe any and all methods this defendant utilizes to monitor drivers work and driving records.

**ANSWER:**

35.     Please state the names, manufacturer and model numbers of all electronic tracking devices aboard this defendant's vehicle on June 24, 2020, or utilized by this defendant to monitor its employees and/or its vehicles.

**ANSWER:**

36.     Please describe each and every change, alteration, repair, or modification made to the subject vehicle at any time prior to or subsequent to the collision and include each person, corporation, or other entity who or which has performed said maintenance, modifications, or repairs.

**ANSWER:**

37.     What factors, if any, does this defendant contend contributed to the incident that is the basis of this lawsuit?

**ANSWER:**

s/ J. CALLEN SPARROW
J. Callen Sparrow (SPA006)

OF COUNSEL:


HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:     (205)326-3336
Facsimile:     (205)326-3332
E-mail:        jcsparrow@hgdlawfirm.com

DOCUMENT 5

ELECTRONICALLY FILED
6/16/2022 11:58 PM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY,              )
                                   )
       **Plaintiff**              )
                                   )
v.                                 ) CIVIL ACTION NO.:_____
                                   )
DAN SULLIVAN TRUCKING, INC.;       )
RHONDA FOWLER HULSEY,              )
                                   )
      **Defendants.**            )

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT DANNY EDWARD LARIMORE

COMES NOW the plaintiff, by and through counsel, pursuant to the ALABAMA RULES OF CIVIL PROCEDURE, and propounds the following discovery the defendant, as follows:

### DEFINITIONS AND INSTRUCTIONS

For the purpose of these interrogatories the term "identify", when used in respect to an individual, means to state the individual's name, address, employer, and job title, and "identify", when used in respect to an entity, means to state the entity's name and address.

"You" and "your" are defined to include the named defendant(s) and all of its/their present or former agents or employees; all of its attorneys; and all other persons acting or purporting to act on behalf of the defendant(s) to whom this discovery is directed.

As used in these interrogatories, the term "document" means without limitation, the following items, whether printed, recorded, or reproduced by any other mechanical process or produced by hand: Agreements, communications, state and federal government hearings and reports, correspondence, telegrams, memoranda, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or reports of meetings or conferences, summaries of reports of investigations of negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any documents, and any and all other writings in the possession of the Defendant, or subject to your custody and control, whether they are in your possession or in the possession of your attorney(s) or your representative(s) or in any of your offices.

NOTE: These interrogatories should be deemed continuing in nature, and plaintiff requests that you update your responses periodically to reflect any information obtained after your initial

responses are made. Please be advised that in any event you attempt to call witnesses or present as evidence any persons or documents which have not been properly identified by you, Counsel for the plaintiff shall strenuously object.

### DEFINITIONS

As used herein, the terms listed below are defined as follows:

1.     The term "**Document**" as used herein shall be given a very broad definition to include every type of paper, writing, data, record, graphic, drawing, photograph, audio recording and video recording.  The term includes material in all forms, including printed, written, recorded, or other.  The term includes all files, records and data contained in any computer system, computer component and/or computer storage (e.g., hard drive, disc, magnetic tape, backup system, etc.).  This term includes, but is not limited to, correspondence, reports, meeting minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, account books, orders, invoices, statements, bills, checks, vouchers, purchase orders, studies, surveys, charts, maps, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, e-mails, e-mail attachments, data sheets, work sheets, statistical compilations, data processing cards, microfilms, computer records (including printouts, disks or other magnetic storage media), tapes, photographs (positive or negative prints), drawings, films, videotapes, hard drive recordings, pictures, and voice recordings.  Plaintiff expressly intends for the term "Document" to include every copy of such writing, etc. when such copy contains any commentary or notation whatsoever that does not appear on the original and any attachments or exhibits to the requested document or any other documents referred to in the requested document or incorporated by reference.

2

2.        "**Person**" means any natural person, corporation, partnership, proprietorship, association, organization, group of persons, or any governmental body or subdivision thereof.

3.        (a)   "**Identify**" with respect to any "**person**" or any reference to stating the "**identity**" of any "**person**" means to provide the name, home address, telephone number, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

(b)   "**Identify**" with respect to any "**document**" or any reference to stating the "**identification**" of any "**document**" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

4.        "**Subject Incident**" means the collision between Justin Leon Pounds, driver for Concrete Supply Company, Inc., and plaintiff, which occurred on May 12, 2022, in Elmore County, Alabama.

5.        "Concrete Supply Company, Inc.," means defendant Concrete Supply Company, Inc.

6.        "**You**," "**Your**," "**Justin Leon Pounds**" means defendant Justin Leon Pounds.

7.     "**Similar**" shall have the meaning given in the American Heritage Dictionary, which is "showing some resemblance; related in appearance or nature; alike but not identical."  As used here, the word "similar" shall not be limited as if modified by the word "substantially" and shall not mean "the same".  If you limit the information provided because you use another interpretation of the word "similar," please state the interpretation you are using and reveal the nature of the information withheld.

8.     The terms "**and**" as well as "**or**" shall be each construed conjunctively and disjunctively as necessary to bring within the scope of each interrogatory and request for documents all information and documents that might otherwise be construed to be outside its scope.  The term "**and/or**" shall be construed likewise.

9.     Whenever necessary to bring within the scope of an interrogatory or request for production of documents any information or document that might otherwise be construed to be outside its scope: (i) the use of a verb in any tense shall be construed as the use of the verb in all other tenses; (ii) the use of the singular shall be construed as the use of the plural and vice versa; and (iii) "**any**" includes "all," and "**all**" includes "any."

10.     With regard to any term used herein that is deemed by the responding party as being ambiguous or vague, a term shall be construed in its broadest sense to encompass all reasonable definitions of that term.

## **INTERROGATORIES**

1.     Please state whether this defendant has been properly designated by name as party defendant to this lawsuit.  If not, please state the correct and proper designation of this defendant.

**ANSWER:**


2.      State the name, address, title and duties of the person answering these interrogatories and the place where the interrogatories were answered.

**ANSWER:**


3.      Please state when the alleged occurrence happened, giving the date, hour, and minute as nearly as possible.

**ANSWER:**


4.      Please describe the place of the alleged occurrence.

**ANSWER:**


5.      Please state the name of the owner of the vehicle that was being operated by this defendant.  If this defendant was not the operator of the vehicle, state the name of the owner and the operator.

**ANSWER:**


6.      Please describe the make, model, color, size and license plate number of the defendant's vehicle, including any trailers or attachments, being operated at the time of the incident made the basis of this Complaint.

**ANSWER:**

7.      Please describe the driving conditions at the time of the incident made the basis of this Complaint.

**ANSWER:**


9.      Was this driver or vehicle covered by any policy of insurance at the time of the incident made the basis of this suit?  If so, please state the name of insurance company, type of insurance and limits of such policy.

**ANSWER:**


10.     Did this defendant have any conversation with any of the individuals that were involved in this collision at the scene of this incident?  If so, please explain in detail the substance of any such conversations.

**ANSWER:**


11.     Was this defendant employed at the time of the incident made the basis of this Complaint? If so, please state the name of employer, position and years of employment.

**ANSWER:**


12.     Please list all witnesses known to this defendant to have any information concerning the collision made the basis of this suit by stating their names and addresses.

**ANSWER:**

13.     Please state in detail the manner in which this defendant believes the collision occurred.

**ANSWER:**


14.     Please state the name(s) of any experts expected to testify during the trial of this issue and any books, treatises, periodicals, publications, or standards this expert intends to rely upon in forming those opinions.

**ANSWER:**


15.     Does this defendant contend plaintiff was guilty of any negligence on his part which caused or contributed to the cause of the incident made the basis of Plaintiff's complaint? If so, describe the factual basis of your contention.

**ANSWER:**


16.     Give the purpose and destination of this defendant's trip on the day of the incident made the basis of plaintiff's complaint, including, but not limited to, where you were traveling from AND where you were traveling to.

**ANSWER:**


17.     List all activities, destinations, stops, and travel on the day of and up to 24 hours prior to the incident made the basis of plaintiff's complaint.

**ANSWER:**

18.     Has this defendant's license ever been suspended or revoked?  If so, please state in detail the circumstances for suspension or revocation, date of suspension or revocation and state of suspension or revocation.

**ANSWER:**

19.     Has this defendant ever been charged with a moving vehicle violation?  If so, please state in detail the circumstances of the charge, date of charge, state of charge and outcome.

**ANSWER:**

20.     Was this defendant charged with violating any laws of the State of Alabama as a result of the events surrounding the collision made the basis of this Complaint? If so, please state the crime for which this defendant was charged and the current legal posture of such criminal proceedings.

**ANSWER:**

21.     Does this defendant contend any third party was guilty of any negligence which caused or contributed to the cause of the incident made the basis of this claim, and if so, describe the factual basis for your contention.

**ANSWER:**

22.     If this defendant contends that a third party was guilty of any negligence which caused or contributed to the cause of the incident made the basis of this claim, please identify every such third party and/or provide any and all information available to you concerning this third party.

**ANSWER:**

23.     Does the named defendant maintain excess insurance coverage?  If so, please identify the name of the carrier, the policy number, and the amount of excess coverage.

**ANSWER:**

24.     Do you have any information which indicates:

**ANSWER:**

25.     Please provide the number(s) and identify the service provider for each cell phone in your possession at the time of the subject incident.

**ANSWER:**

## **REQUESTS FOR PRODUCTION OF DOCUMENTS OR THINGS**

1. All photographs of any vehicle involved in the collision made the basis of this suit.

**RESPONSE:**


2. All repair estimates, invoices, bills or documents of any nature showing any repair work to defendant's vehicle as the result of this collision.

**RESPONSE:**


3. All repair estimates, inspections, invoices or documents of any nature which show any work or repairs performed on defendant's vehicle within two (2) years prior to the incident made the basis of this suit.

**RESPONSE:**


4. All statements, whether written or oral and later transcribed made by this defendant regarding the incident made the basis of this suit.

**RESPONSE:**


5. All photographs, videos, drawings, or descriptions of the scene of the incident made the basis of this suit.

**RESPONSE:**

6.      All reports made to insurance companies or government agencies about the incident made the basis of this Complaint.

**RESPONSE:**

7.      Reports made by any expert expected to testify at trial.

**RESPONSE:**

8.      Reports or data compilations from any tests or experiments performed on the vehicle or the scene of the incident made the basis of this Complaint.

**RESPONSE:**

9.      Produce all records pertaining to other accidents or moving violations involving this defendant.

**RESPONSE:**

10.      Produce copies of the following documents and things:

a.      All photographs in your possession or in the possession of your insurance carrier of the defendant's vehicle, of the plaintiff's vehicle, and the scene of the incident made the basis of this suit;

b.      All statement contained by you or your insurance carrier from the plaintiff;

c.      All estimates or repair bills for your vehicle or the plaintiff's vehicle;

d.      Copy of any criminal charges, pleas, tickets, reports or documents related to the incident made the basis of this suit.

**RESPONSE:**


11.     All materials indicating the following:

    a.      The identification of the owner and style of the vehicle being driven by this defendant at the time of the incident made the basis of this suit;

    b.      A list of the nature and due date of various inspection and maintenance operations to be performed on the vehicle being driven by this defendant at the time of the incident made the basis of this suit;

    c.      A record of inspection, repairs and maintenance performed on the vehicle being driven by this defendant at the time of the incident made the basis of this suit.

**RESPONSE:**


12.     A copy of any and all insurance agreements or policies and declarations page under which any person or entity carrying on an insurance business may be liable to satisfy part of all of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any liability insurance policy (including excess umbrella coverage) covering any defendant or the vehicle being driven by this defendant at the time of the incident made the basis of this suit.

**RESPONSE:**


13.     Any document referenced in responses to Plaintiff's First Set of Interrogatories.

**RESPONSE:**


14.     A copy of any documents obtained by Subpoena.

**RESPONSE:**

15.     Reports or data compilations from any tests or experiments performed on the vehicle or the scene of the incident made the basis of this Complaint.

**RESPONSE:**


16.     Copies of all driving manuals, company safety requirements, policies and procedures, company regulations regarding the operation of tractor trailers on public roads.

**RESPONSE:**


17.     Produce all records pertaining to or referencing this defendant's driver's training and employment history.

**RESPONSE:**


18.     Produce all records pertaining to or referencing this defendant's application for employment, hiring, employment history, driving record, employee reprimands and complaints against this employee.

**RESPONSE:**


19.     Produce all records pertaining to other accidents or moving violations involving this defendant.

**RESPONSE:**


20.     Produce all driver's logs kept pursuant to 49 CFR § 395.8 for a period of ten (10) days prior to the incident made the basis of this suit.

**RESPONSE:**


21.     Produce all files concerning Danny Edward Larimore, including traffic violation records, notifications of accidents, annual review of the driving record, driver's application for employment, investigation about the driver's qualifications, driver's road test and written examination, driver's certificate of physical qualifications by medical examiner, and all other documents pertaining to defendant Larimore.

**RESPONSE:**


21.     Produce the applicable accident report form for the accident forming the basis of this suit required by 49 CFR § 394.9.

**RESPONSE:**


22.     Produce documentation showing all communications with dispatcher and other personnel of the company on the day of the accident with this defendant.

**RESPONSE:**


23.     Produce all documents showing the weight of the vehicle at the time of the incident made the basis of this suit.

**RESPONSE:**


24.     Produce all gasoline tickets and receipts for defendant Pounds and the subject vehicle for a 48 hour period prior to this accident.

**RESPONSE:**


25.     Produce all safety related materials given to truck drivers of Dan Sullivan Trucking, Inc.., including, but not limited to safety films, safety pamphlets, safety booklets, safety memoranda, and safety course materials.

**RESPONSE:**


26.     All safety related materials or driving instructions given to drivers of Dan Sullivan Trucking, Inc.,  relating to safe driving instructions or appropriate procedures for operating a truck/vehicle on a public road, intersection and/or service road.

**RESPONSE:**


27.     All safety related materials or driving instructions given to drivers of Dan Sullivan Trucking, Inc., relating to safe driving instructions or appropriate procedures for inspecting the truck/vehicle properly prior to operation on public roads and highways.

**RESPONSE:**


28.     Daily inspection reports for the three (3) month period preceding the incident made the basis of this suit.

**RESPONSE:**


29.     Copies of all print-outs or data from all on-board recording devices.

**RESPONSE:**

30.      Copies of all downloadable data from the ECM.

**RESPONSE:**


31.      Copies of all post-incident drug and alcohol tests performed on defendant

Larimore.

**RESPONSE:**


32.      Copies of all bills of lading, weight tickets and hotel receipts for the ten (10) days

preceding (and including) the day of the incident made the basis of this suit.

**RESPONSE:**


33.      Any document referenced in responses to plaintiff's first set of interrogatories.

**RESPONSE:**


34.      Produce a copy of defendant Larimore's drivers' license, CDL and otherwise, as it

existed at the time of the incident made the basis of this suit.

**RESPONSE:**
                                            s/ J. CALLEN SPARROW_____
                                            J. Callen Sparrow (SPA006)

OF COUNSEL:
HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:    (205)326-3336
Facsimile:    (205)326-3332
E-mail:    jcsparrow@hgdlawfirm.com



AlaFile E-Notice



01-CV-2022-901765.00

To:  J. CALLEN SPARROW
     jcsparrow@hgdlawfirm.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/16/2022 11:58:34 PM

Notice Date:      6/16/2022 11:58:34 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901765.00

To:  DAN SULLIVAN TRUCKING, INC.
DAN SULLIVAN
511 N DIXIE HIGHWAY
CAVE CITY, KY, 42127

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/16/2022 11:58:34 PM

Notice Date:      6/16/2022 11:58:34 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901765.00

To:  DANNY EDWARD LARIMORE
1990 RAIDER HOLLOW ROAD
MUNFORDVILLE, KY, 42765

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/16/2022 11:58:34 PM

Notice Date:      6/16/2022 11:58:34 PM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901765.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL

**NOTICE TO:** DAN SULLIVAN TRUCKING, INC., DAN SULLIVAN 511 N DIXIE HIGHWAY, CAVE CITY, KY 42127

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. CALLEN SPARROW

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RHONDA FOWLER HULSEY pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 06/16/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.　　　/s/ J. CALLEN SPARROW

*(Plaintiff's/Attorney's Signature)*

### RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*　　　　*(Name of County)*

Alabama on _____.

*(Date)*

| _____ | _____ | _____ |
|---|---|---|
| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901765.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL

**NOTICE TO:** DANNY EDWARD LARIMORE, 1990 RAIDER HOLLOW ROAD, MUNFORDVILLE, KY 42765

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), J. CALLEN SPARROW

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of RHONDA FOWLER HULSEY

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 06/16/2022 | /s/ JACQUELINE ANDERSON  SMITH | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ J. CALLEN SPARROW

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*           *(Name of County)*

Alabama on _____ .

*(Date)*

_____   _____      _____

*(Type of Process Server)*     *(Server's Signature)*           *(Address of Server)*

_____      _____

*(Server's Printed Name)*         *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL

01-CV-2022-901765.00

To:  CLERK BIRMINGHAM
clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $30.72

Parties to be served by Certified Mail - Return Receipt Requested


Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

DAN SULLIVAN TRUCKING, INC.
DAN SULLIVAN
511 N DIXIE HIGHWAY
CAVE CITY, KY 42127

Postage: $15.36

DANNY EDWARD LARIMORE
1990 RAIDER HOLLOW ROAD
MUNFORDVILLE, KY 42765

Postage: $15.36


Parties to be served by First Class Mail

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAN SULLIVAN TRUCKING, INC.

DAN SULLIVAN
511 N DIXIE HIGHWAY
CAVE CITY, KY 42127

9590 9402 7467 2055 3788 80

2. Article Number (Transfer from service label)

7021 1970 0000 4405 2095

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

S/C

CV-22-901765

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

---

7021 1970 0000 4405 2095

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   $

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required       $
☐ Adult Signature Restricted Delivery  $

Postage   $

Total Postage and Fees   $

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DANNY EDWARD LARIMORE
1990 RAIDER HOLLOW ROAD
MUNFORDVILLE, KY 42765

9590 9402 7467 2055 3788 97

7021 1970 0000 4405 2101

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

S/C  P2

CV-22-901765

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

---

7021 1970 0000 4405 2101

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)   $
☐ Return Receipt (electronic)   $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required   $
☐ Adult Signature Restricted Delivery   $

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

Postmark
Here

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

ELECTRONICALLY FILED
6/23/2022 10:06 AM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| **RHONDA FOWLER HULSEY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIVIL ACTION NO.: CV-2022-901765** |
| | ) |
| **DAN SULLIVAN TRUCKING, INC.;** | ) |
| **DANNY EDWARD LARIMORE,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

COMES NOW the plaintiff in the above-styled cause and amends her complaint filed herein substantially as follows:

1.      Plaintiff hereby adopts and incorporates by reference each and every allegation set forth in the original complaint as if it were set forth fully herein.

2.      Plaintiff amends her Summons and Complaint by adding the additional party defendant **GEICO CASUALTY COMPANY**.

3.      Plaintiff alleges that at the time of the accident, defendant **GEICO CASUALTY COMPANY** had in force and effect a policy of insurance to plaintiff, Rhonda Fowler Hulsey. Said insurance policies provided uninsured/underinsured motorist coverage to the plaintiff in the event she was involved in a collision with an uninsured/underinsured motorist, whereby said insurance company would pay all sums which an insured would be legally entitled to recover from said uninsured/underinsured motorist.  **GEICO'S Policy Number is:  6012-87-88-87**.

4.     Plaintiff further avers that on said occasion Danny Edward Larimore was uninsured/underinsured as to liability for said collision, and plaintiff avers that **GEICO CASUALTY COMPANY** has failed or refused to make payments as provided in said policies.

**WHEREFORE, PREMISES CONSIDERED**, plaintiff demands judgment against these defendants, jointly and severally, for that amount of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

Respectfully submitted: June 23, 2022

*/s/* J. CALLEN SPARROW
J. Callen Sparrow(SPA006)
Attorney for Plaintiff

*Of Counsel:*

HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, AL 35203
Telephone:     (205)326-3336
Facsimile:     (205)3263332
Email:          jcsparrow@hgdlawfirm.com

## **JURY DEMAND**

Plaintiff demands trial by struck jury on all issues raised herein.

## <u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on this date, June 23, 2022, the foregoing document was filed with the Court using the Court's electronic filing system and/or mailed via U.S. Mail, postage prepaid, to the following party or parties of record:

Dan Sullivan Trucking, Inc.  (via certified mail)
c/o Dan Sullivan
511 North Dixie Highway
Cave City, KY  42127

Danny Edward Larimore (via certified mail)
1990 Raider Hollow Road
Munfordville, KY  42765

*/s/* J. CALLEN SPARROW   
Attorney for Plaintiff

Serve Defendants: (To be Served Via Certified Mail)

GEICO Casualty Company
c/o CT Corporation System
2 No Jackson Street, Suite 605
Montgomery, AL  36104

ELECTRONICALLY FILED
6/23/2022 10:06 AM
01-CV-2022-901765.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON  SMITH, CLERK

# C O M P L A I N T - C I V I L

## IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

### CIVIL ACTION NO. _____

RHONDA FOWLER HULSEY,

                                                        Plaintiff,

vs.

DAN SULLIVAN TRUCKING, INC.; DANNY EDWARD LARIMORE;

        There may be other entities whose true names and identities are unknown to the plaintiff at this time who may be legally responsible for the claim(s) set forth herein and who may be added by amendment by the plaintiff when their names and identities are accurately ascertained by further discovery.  Until that time, the plaintiff will designate these parties in accordance with ARCP 9(h).  The word "entity" as used herein is intended to refer and include any and all legal entities including persons, any and all forms of partnership, any and all types of corporations and unincorporated associations.  The symbol by which these party(ies) defendants are designated is intended to include more than one entity in the event that discovery reveals that the descriptive characterization of the symbols applies to more than one entity.  In the present action, the party defendants which the plaintiff must include by descriptive characterization are as follows:

Defendant A and B, the owner or operator of the vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit; Defendant C, the employer of the operator of the vehicle which caused the collision or collided with the vehicle in which the plaintiff was riding on the occasion made the basis of this suit. Defendant D, the person, firm, or corporation for whose benefit the trip was being made by previously named defendants on the occasion made the basis of this suit; Defendants E, F, and G, the person, firm, or corporation, respectively, responsible for the inspection, maintenance, and repair of any vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit; Defendant H, the person, firm, or corporation who was in control and direction of the trip being conducted by defendants at the time of the wreck made the basis of this suit; Defendant I, the person, firm, or corporation responsible for the incident made the basis of this suit, all of whose true names are otherwise unknown to plaintiff at this time but will be added by amendment when ascertained,

                                                        Defendants.

## COMPLAINT

1.      Plaintiff, RHONDA FOWLER HULSEY, is over the age of nineteen (19) years and is a resident citizen Mount Olive, Alabama.

2.      Defendant, DAN SULLIVAN TRUCKING, INC., is a company located in Munfordville, Kentucky operating commercial vehicles in Jefferson County, Alabama.

3.      Defendant, DANNY EDWARD LARIMORE, is over the age of nineteen (19) years and is a resident citizen of Munfordville, Kentucky.

4.      Defendant A and B, the owner or operator of the vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit.

5.      Defendant C, the employer of the operator of the vehicle which caused the collision or collided with the vehicle in which the plaintiff was riding on the occasion made the basis of this suit.

6.      Defendant D, the person, firm, or corporation for whose benefit the trip was being made by previously named defendants on the occasion made the basis of this suit.

7.      Defendants E, F, and G, the person, firm, or corporation, responsible for the inspection, maintenance, and repair of any vehicle which caused the collision or collided with the vehicle in which plaintiff was riding on the occasion made the basis of this suit.

8.       Defendant H, the person, firm, or corporation who was in control and direction of the trip being conducted by defendants at the time of the wreck made the basis of this suit.

2

9.      Defendant I, the person, firm, or corporation responsible for the incident made the basis of this suit, all of whose true names are otherwise unknown to plaintiff at this time but will be added by amendment when ascertained.

10.     Fictitious Defendants "A through I," whether singular or plural, individual or corporation, who are either Alabama corporations, foreign corporations or other entities that participated in the conduct that led to plaintiff's injuries.

11.     On June 24, 2020, defendant Danny Edward Larimore was operating his tractor-trailer on behalf of Dan Sullivan Trucking, Inc. travelling on I-65 North between 124B and 262A in Jefferson County, Alabama; and at said time and place, defendants DAN SULLIVAN TRUCKING, INC.; DANNY EDWARD LARIMORE and fictitious defendants A-I, negligently and/or wantonly operated a vehicle under their care and control and negligently caused a collision with or allowed said vehicle to collide down the left side of plaintiff's vehicle. Plaintiff avers defendant Larimore was driving and operating his tractor trailer in a negligent and/or wanton manner under the known conditions of the roadway and traffic conditions.  Under conditions of the roadway and circumstances surrounding this particular incident, defendant Larimore failed to avoid colliding with the vehicle which plaintiff, Rhonda Fowler Hulsey, was operating. Plaintiff further alleges that defendant Larimore was negligent and/or wanton in operating his vehicle in that he allowed the tractor trailer in which was driving to collide with left side of plaintiff's vehicle.

12.     Plaintiff avers that defendant, Dan Sullivan Trucking, Inc., is liable for the negligent, wanton and/or illegal conduct of their agent, Danny Edward Larimore, under the theory of respondeat superior.  Plaintiff further avers that defendant, Dan Sullivan Trucking, Inc.,

3

is liable as a result of its negligent hiring, negligent training, negligent retention, negligent supervision, and negligent entrustment of its truck to its agent, defendant Larimore. Furthermore, Plaintiff avers defendants, named and fictitious, negligently, wantonly and/or recklessly caused or contributed to cause the collision injuring plaintiff.

12.    The force of the impact between plaintiff and defendants' vehicles caused injuries and harm to plaintiff.  These injuries include lost wages, medical expenses, medical procedures, and physical pain and mental anguish.

13.    Defendant Larimore's negligent and/or wanton conduct includes, but is not limited to, one or more of the following: negligently and/or wantonly failing to maintain his vehicle under proper control; negligently and/or wantonly failing to keep a proper lookout; negligently and/or wantonly failing to avoid colliding with the plaintiff's vehicle; and any other acts of negligence that may be proven at trial.

14.    Defendant Larimore failed to operate his tractor-trailer with the due care exercised by individuals in like or similar circumstances and operated the vehicle in a manner showing a disregard for the safety of others, including Plaintiff.

15.    At all times mentioned herein, plaintiff acted with reasonable care under the conditions and circumstances then existing.

16.    Defendants' actions constituted negligence, wantonness, and recklessness in operating their tractor-trailer contrary to the reasonable and safe conditions and circumstances then existing.

17.     Defendants' actions constitute negligence, wantonness, and recklessness by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain, and emotional distress to plaintiff.

18.     Defendants, known and fictitious, were negligent and/or wanton for all other acts of negligence as may be shown at trial.

19.     Plaintiff sustained injuries and damages, which were directly and proximately caused by the negligence and/or wantonness of the defendants.

20.     But for the negligence and/or wantonness of defendants, plaintiff would not have suffered serious injury, physical pain, mental and psychological suffering, inconvenience, and other injuries and damages as may be proven at the trial of this matter.

21.     As a result of defendants' negligence, plaintiff has incurred reasonable, necessary, and continuing medical expenses from the injuries and will continue to incur expenses in the future, in an amount to be proven at trial.

22.     As a result of defendants' negligence, plaintiff has incurred lost wages and diminished capacity to labor, in an amount to be proven at trial.

23.     That each of the forgoing acts and omissions constitute an independent act of negligence and/or wantonness on the part of defendants, known and fictitious, and one or more or all of the above stated acts were the proximate causes of the injuries to plaintiff.  The defendants are liable for plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Alabama.

24.     The defendants, known and fictitious, acted with willful misconduct, malice, oppression, wantonness, and an entire want of care raising the presumption of a conscience

indifference to the consequences.  Accordingly, plaintiff is entitled to recover punitive damages, without limitation or cap, from each of the defendants, in accordance with the enlightened conscience of an impartial jury.

25.     Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Alabama law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.

WHEREFORE, PREMISES CONSIDERED, plaintiff demands judgment against these defendants, jointly and severally, for that amount of compensatory and punitive damages as a jury may assess after a full and fair consideration of the facts.

 s/ J. CALLEN SPARROW
J. Callen Sparrow (SPA006)

OF COUNSEL:

HENINGER GARRISON DAVIS, LLC
P. O. Box 11310 (35202)
2224 1st Avenue North
Birmingham, AL  35203
Telephone:     (205)326-3336
Facsimile:      (205)326-3332
E-mail:         jcsparrow@hgdlawfirm.com

**JURY DEMAND**

Plaintiff demands trial by struck jury on all issues raised herein.

s/ J. CALLEN SPARROW
J. Callen Sparrow

6

**Serve Defendants: (To be Served Via Certified Mail)**

Dan Sullivan Trucking, Inc.
c/o Dan Sullivan
511 North Dixie Highway
Cave City, KY  42127

Danny Edward Larimore
1990 Raider Hollow Road
Munfordville, KY  42765

**NOTE TO CLERK:**

Please serve Plaintiff's First Requests for Production to Defendant Dan Sullivan Trucking, Inc., and Plaintiff's First Set of Interrogatories to Defendant Dan Sullivan Trucking, Inc. along with the Summons and Complaint.

Please serve Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Danny Edward Larimore along with the Summons and Complaint.



AlaFile E-Notice

01-CV-2022-901765.00

To:  J. CALLEN SPARROW
     jcsparrow@hgdlawfirm.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/23/2022 10:05:13 AM

Notice Date:     6/23/2022 10:05:13 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901765.00

To:   DAN SULLIVAN TRUCKING, INC. (PRO SE)
      DAN SULLIVAN
      511 N DIXIE HIGHWAY
      CAVE CITY, KY, 42127-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/23/2022 10:05:13 AM

Notice Date:      6/23/2022 10:05:13 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901765.00

To:  LARIMORE DANNY EDWARD (PRO SE)
1990 RAIDER HOLLOW ROAD
MUNFORDVILLE, KY, 42765-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/23/2022 10:05:13 AM

Notice Date:     6/23/2022 10:05:13 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov



AlaFile E-Notice

01-CV-2022-901765.00

To:  GEICO CASUALTY COMPANY
C/O CT CORPORATION SYSTEM
2 NO JACKSON ST. STE. 605
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following complaint was FILED on 6/23/2022 10:05:13 AM

Notice Date:     6/23/2022 10:05:13 AM

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>01-CV-2022-901765.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL

**NOTICE TO:** GEICO CASUALTY COMPANY, C/O CT CORPORATION SYSTEM 2 NO JACKSON ST. STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
J. CALLEN SPARROW                                                                                                          ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2224 1ST AVENUE NORTH, BIRMINGHAM, AL 35203                                    .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of HULSEY RHONDA FOWLER
pursuant to the Alabama Rules of the Civil Procedure.                                *[Name(s)]*

_____06/23/2022_____        /s/ JACQUELINE ANDERSON  SMITH       By: _____
*(Date)*                                *(Signature of Clerk)*                        *(Name)*

☑ Certified Mail is hereby requested.        /s/ J. CALLEN SPARROW
                                              *(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
                                                              *(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                    *(Name of County)*

Alabama on _____.
                *(Date)*

_____      _____      _____
*(Type of Process Server)*        *(Server's Signature)*          *(Address of Server)*

                              _____      _____
                                *(Server's Printed Name)*        *(Phone Number of Server)*

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DAN SULLIVAN TRUCKING, INC.

DAN SULLIVAN

511 N DIXIE HIGHWAY

CAVE CITY, KY 42127



9590 9402 7467 2055 3788 80

2. Article Number *(Transfer from service label)*

7021 1970 0000 4405 2095

## *COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Paula Fraushel*   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

6-21-22

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

S/C

CV-22-901765

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☒ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ ...Mail
- ☐ ...Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

USPS TRACKING#

9590 9402 7467 2055 3788 80

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
ROOM 400 JEFF CO COURTHOUSE
716 RICHARD ARRINGTON JR BLVD., NO.
BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 23 2022

JACQUELINE ANDERSON SMITH
CLERK



**AlaFile E-Notice**

01-CV-2022-901765.00

Judge: BRENDETTE BROWN GREEN

To:  SPARROW JAMES CALLEN
jcsparrow@hgdlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following matter was served on 6/21/2022

**D001 DAN SULLIVAN TRUCKING, INC.**

**Corresponding To**

CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

JUN 2 4 2022



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL

01-CV-2022-901765.00

To: CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.73

Parties to be served by Certified Mail - Return Receipt Requested

GEICO CASUALTY COMPANY                          Postage: $7.73
C/O CT CORPORATION SYSTEM   *1st AMENDED D2Q3*
2 NO JACKSON ST. STE. 605
MONTGOMERY, AL 36104        7021 1970 0001 4339 1200

Parties to be served by Certified Ma

Parties to be served by First Class N

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

JUN 2 4 2022

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEICO CASUALTY COMPANY

C/O CT CORPORATION SYSTEM

2 NO JACKSON ST. STE. 605

MONTGOMERY, AL 36104

9590 9402 7467 2055 3750 63

2. Article Number (Transfer from service label)

7021 1970 0001 4339 1200

PS Form 3811, July 2020 PSN 7530-02-000-9053

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X

☐ Agent

☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No



1st AMENDED
D003

CV-2022-901765 S+C

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ■ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ■ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DANNY EDWARD LARIMORE

1990 RAIDER HOLLOW ROAD

MUNFORDVILLE, KY 42765



9590 9402 7467 2055 3788 97

2. Article Number *(Transfer from service label)*

7021 1970 0000 4405 2101

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                     ☐ Addressee

B. Received by *(Printed Name)*    | C. Date of Delivery
                                    6-21-2

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

S/C  D2

CV-22-901765

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Mail Restricted Delivery
   ($0)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                    Domestic Return Receipt

**USPS TRACKING #**



9590 9402 7467 2055 3788 97

| First-Class Mail |
| Postage & Fees Paid |
| USPS |
| Permit No. G-10 |

**United States**
**Postal Service**

* Sender: Please print your name, address, and ZIP+4® in this box*

JACQUELINE ANDERSON SMITH, CLERK

ROOM 400 JEFF CO COURTHOUSE

716 RICHARD ARRINGTON JR BLVD., NO.

BIRMINGHAM, ALABAMA 35203

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 24 2022

JACQUELINE ANDERSON SMITH
CLERK



**AlaFile E-Notice**

01-CV-2022-901765.00

Judge: BRENDETTE BROWN GREEN

To: SPARROW JAMES CALLEN
jcsparrow@hgdlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following matter was served on 6/21/2022

D002 LARIMORE DANNY EDWARD
Corresponding To
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GEICO CASUALTY COMPANY

C/O CT CORPORATION SYSTEM

2 NO JACKSON ST. STE. 605

MONTGOMERY, AL 36104

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 7467 2055 3750 63

2. Article Number (Transfer from service label)

7021 1970 0001 4339 1200

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _I. McCall_  ☐ Agent
☐ Addressee

B. Received by (Printed Name)       C. Date of Delivery
_I. McCall_                          JUN 2 ? 2022

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

1ST AMENDED
DOO3



CV-2022-901765 StC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053                      Domestic Return Receipt

USPS TRACKING #

MONTGOMERY, AL 360

28 JUN 2022 PM 3 L

9590 9402 7467 2055 3750 63

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States
Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

JACQUELINE ANDERSON SMITH, CLERK
JEFFERSON COUNTY CIRCUIT COURT
CIVIL DIVISION - ROOM 400
716 NO. RICHARD ARRINGTON BLVD
**BIRMINGHAM, ALABAMA 35203**

FILED IN OFFICE
CIRCUIT CIVIL DIVISION

JUN 3 0 2022

JACQUELINE ANDERSON SMITH
CLERK

33-010100



**AlaFile E-Notice**

01-CV-2022-901765.00

Judge: BRENDETTE BROWN GREEN

To:  SPARROW JAMES CALLEN
jcsparrow@hgdlawfirm.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

RHONDA FOWLER HULSEY V. DAN SULLIVAN TRUCKING, INC. ET AL
01-CV-2022-901765.00

The following matter was served on 6/27/2022

D003 GEICO CASUALTY COMPANY
Corresponding To
CERTIFIED MAIL

JACQUELINE ANDERSON  SMITH
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
jackie.smith@alacourt.gov